IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
Civil Action Number: 4:19-cv-97

ATLANTIC COAST MARINE )
GROUP, INC., )
 )
    Plaintiff, )
 )
v. ) **VERIFIED COMPLAINT IN ADMIRALTY**
 )
THANKS DAD, LLC; SHANNON )
DILLER ADMINISTRATOR OF )
THE ESTATE OF WILLIAM J. )
DILLER, III, in personam, and the )
motor yacht GENETIC DISORDER, )
bearing Hull Identification Number )
VKY55993E101 (Official # )
1118332) including its engines, )
generators, tenders, electronics, )
contents, bunkers, interior )
appointments, appurtenances, etc., in )
rem, )
 )
    Defendants. )

    Plaintiff, ATLANTIC COAST MARINE GROUP, INC. ("ACMG"), by and through its undersigned counsel, hereby files this Verified Complaint in admiralty against Defendant Thanks Dad, LLC, in personam; Defendant Shannon Diller Administrator of the Estate of William J. Diller, in personam and the motor yacht GENETIC DISORDER, bearing Hull Identification Number VKY55993E101 (Official # 1118332) including its engines, generators, tenders, electronics, contents, bunkers, interior appointments, appurtenances, etc. (collectively "VESSEL"), in rem, alleging upon information and belief as follows:

1

## JURISDICTION, VENUE & PLEADINGS RELEVANT TO SALVAGE CLAIM

1. This is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue for this civil action is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2).

3. ACMG claims a salvage award in the amount of $20,900.00 as well as attorneys' fees, costs and prejudgment and post-judgment interest.

4. This action seeks, among other things, to foreclose a maritime lien in accordance with Rule C of the Supplemental Rules for certain admiralty and maritime claims and the Rules of the United States District Court for the Eastern District of North Carolina.

## PARTIES

5. Plaintiff ACMG is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in Morehead City, North Carolina, and at all times material hereto was engaged in the business of providing professional marine salvage services.

6. The VESSEL is an approximately fifty-five foot (55') motor yacht manufactured of fiberglass by Viking Yacht Company in 2001 and is believed to bear Hull Identification Number VKY55993E101 and assigned Official # 1118332. Attached as Exhibit "A" is a true, accurate and complete copy of the VESSEL's Abstract of Title.

7. Upon information and belief, Defendant Thanks Dad, LLC is a legal entity organized and existing under the laws of the State of North Carolina with its principle place of business in Carteret County, North Carolina.

8. Upon information and belief, at all times material hereto Defendant Thanks Dad, LLC was the documented owner of the VESSEL.

9. Upon information and belief, Defendant Shannon Diller Administrator of the Estate of William J. Diller, III is the estate of the individual, William J. Diller, III who was the operator of the VESSEL on or around July 4, 2017.

10. Upon information and belief, Thanks Dad, LLC could be an asset of the Estate of William J. Diller, III and/or otherwise controlled by the Estate such that the Estate is also named as a Defendant herein.

11. The VESSEL currently is and will be, during the pendency of process herein, within the Eastern District of North Carolina and within the jurisdiction of the Court.

## FACTS APPLICABLE TO ALL COUNTS

12. On or about July 4, 2017, the VESSEL was located in the navigable waters of North Carolina in the vicinity of Morehead City and Beaufort, North Carolina.

13. At some point in the morning hours on or about July 4, 2017, while the VESSEL was being operated by William J. Diller III (hereinafter referred to as "Captain Diller"), it departed the Morehead City turning basin, heading northeast bound up the Newport River.

14. Upon information and belief, William J. Diller III was operating the VESSEL in the role of Captain with the consent and approval of Thanks Dad, LLC.

15. At approximately 1:00 a.m. in the vicinity of Phillips Island (approximately .5 nm north of the Morehead City/Radio Island bridge) the VESSEL ran aground on the east side of the channel.

16. Once aground and unable to extricate himself from the situation Diller contacted ACMG.

17. ACMG promptly responded and rendered services to the VESSEL resulting in its successful extrication from its grounded location.

18. Thereafter the VESSEL continued in a northeast direction toward the northern entrance of Gallants Channel.

19. At approximately 1:20 a.m. the VESSEL, again, ran aground in the vicinity of Russell Slough Green Marker # 7 in the vicinity of the northern entrance of Gallants Channel.

20. The VESSEL again contacted ACMG which promptly responded to the VESSEL.

21. Arriving on scene, ACMG was met by belligerence from the VESSEL's Captain, William J. Diller, III such that ACMG's principal, Captain N. Lee Sykes, arrived on scene in a separate ACMG vessel.

22. Ultimately, ACMG freed the VESSEL for a second time.

23. Shortly thereafter, the VESSEL navigated a short distance and promptly ran aground for the third time.

24. ACMG again responded to the VESSEL and ACMG received permission and boarded the VESSEL to investigate the circumstances as ACMG was concerned that the repeated groundings could have compromised the VESSEL's watertight integrity.

25. Upon investigation, ACMG determined the grounding had caused damage to the VESSEL such that the VESSEL was in peril and taking on water through the shaft seals.

26. Following the discovery that the VESSEL was taking on water, ACMG immediately secured its towing hawser, freed the VESSEL from its stranded position and promptly moved the VESSEL to Town Creek Marina in Beaufort, NC where ACMG had made arrangements to have the marina perform an emergency haul-out of the VESSEL.

27. Upon arrival at Town Creek Marina, the VESSEL was immediately hauled out of the water to prevent the VESSEL from sinking and further damage.

28. At all times material hereto, the VESSEL was in a position of peril.

29. ACMG rendered services amounting to pure salvage in accordance with The International Convention on Salvage (IMO, 1989) ("SALCON 89") and the general maritime law of the United States.

30. This Verified Complaint is brought on behalf of ACMG and on behalf of all participating salvors.

## COUNT ONE
### Claim for Salvage Award (*In Personam*)

31. Plaintiff Salvor adopts and realleges the allegations in all of the above paragraphs and further states:

32. The salvage services rendered by ACMG resulted in the successful removal of the VESSEL from a position of peril.

33. The salvage services rendered by ACMG were valuable and yielded a useful result to the VESSEL.

34. ACMG voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

35. Pursuant to SALCON 89 and general maritime law of the United States, Defendant Thanks Dad, LLC, as owner of the VESSEL is liable, in personam, for the salvage services rendered by ACMG.

36. Upon information and belief, William J. Diller, III was the beneficial owner of the VESSEL such that pursuant to SALCON 89 and general maritime law of the United States, William J. Diller, III is liable for the salvage services rendered by ACMG.

37. To the extent Defendant Diller Estate owned or is responsible for the debts and liens of Defendant Thanks Dad, LLC and/or William J. Diller, III, it is also liable, in personam, for the salvage services rendered by ACMG.

## COUNT TWO
Claim for Salvage Award (*In Rem*)

38. Plaintiff Salvor adopts and realleges the allegations in all of the above paragraphs and further states:

39. The salvage services rendered by ACMG resulted in the successful removal of the VESSEL from a position of peril.

40. The salvage services rendered by ACMG were valuable and yielded a useful result to the VESSEL.

41. ACMG voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

42. By virtue of having voluntarily and successfully delivered the VESSEL from a condition of peril, ACMG is entitled to a liberal salvage award in the amount of $20,900.00 plus prejudgment and post-judgment interest as well as costs.

43. ACMG possesses a maritime lien against the VESSEL and its engines, generators, tenders, electronics, contents, bunkers, interior appointments, appurtenances, *etc.*, in rem, for the salvage services it rendered and it seeks to foreclose the same.

## COUNT THREE
Recovery of Unpaid Charges (*In Personam*)

44. Plaintiff Salvor adopts and realleges the allegations in all of the above paragraphs and further states:

45. ACMG has provided valuable services to the benefit and with the full knowledge and acceptance of Defendants and the VESSEL.

46. Although ACMG has invoiced Defendants for the described services, Defendants have failed without legal justification, to pay ACMG's invoice.

47. ACMG is entitled to the reasonable value of its services as well as its finance charges in an amount to be determined at trial and not less than $20,900.00 plus interest, attorneys' fees and costs and all other costs of suit.

## COUNT FOUR
Unjust Enrichment (*In Personam*)

48. Plaintiff Salvor adopts and realleges the allegations in all of the above paragraphs and further states:

49. To avoid unjust enrichment that would otherwise improperly inure to the benefit of the Defendants and the VESSEL, ACMG is entitled to recover damages from Defendants for valuable services provided for their individual and collective benefit, in a sum to be determined at trial in the amount of $20,900.00 plus interest, attorneys' fees and costs and all other costs of suit.

## COUNT FIVE
Prejudgment Interest

50. Plaintiff Salvor adopts and realleges the allegations in all of the above paragraphs and further states:

51. ACMG seeks and is further entitled to prejudgment interest. Virgin Offshore U.S.A., Inc. v. Tex. Crewboats, Inc., 2007 U.S. Dist. LEXIS 41484 * 11 (W.D. La., June 7, 2007) ("In admiralty cases, the award of prejudgment interest from the date of loss is the rule rather than the exception.")

WHEREFORE, Plaintiff Salvor ACMG prays for the following:

(a) That Plaintiff be provided a salvage award in an amount not less than $20.900.00 as well as costs and prejudgment and post-judgment interest;

(b) That Plaintiff be adjudged a professional salvor and awarded an equitable uplift on top of any salvage award to which it is entitled;

(c) That a warrant for the arrest of the Defendant VESSEL issue and all persons claiming any interest in said VESSEL may be cited to appear and answer;

(d) That said salvage claim may be declared to be a valid lien against the VESSEL, her engines, generators, gear, tenders, electronics, interior appointments, contents, appurtenances, *etc.* under and by virtue of the acts of Congress of the United States of America, the general maritime law and SALCON 89;

(e) That said lien may be foreclosed and a judgment entered in favor of the Plaintiff and against said VESSEL and the VESSEL's owner for the amount of its indebtedness, with prejudgment and post-judgment interest and costs, and the VESSEL including her engines, generators, gear, tenders, electronics, interior appointments, contents, appurtenances, *etc.* be condemned and sold to pay the demands and the claims of the Plaintiff;

(f) That the Defendants be found jointly and severally liable to ACMG for the valuable services provided to the VESSEL in an amount to be determined at trial;

(g) That ACMG be provided such other, further and/or different relief as this Honorable Court deems just and appropriate.

// Signature Page Follows //

This the 1st day of July 2019.

Respectfully submitted,

ATLANTIC COAST MARINE GROUP, INC.
By its attorneys,

/s/ E. Winslow Taylor
E. Winslow Taylor
Taylor & Taylor Attorneys at Law PLLC
NC Bar #: 45533
486 Patterson Ave., Suite 208
Winston-Salem, NC 27101
Tel.: 336-418-4745
Email: Winslow@t2legal.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, N. Lee Sykes declare and state under penalty of perjury that the foregoing is true and correct:

1. I make this Declaration based on personal knowledge.

2. I have read the foregoing <u>Verified Complaint</u> and know the contents of the same to be true to the best of my knowledge.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the <u>Verified Complaint</u> are my own, personal knowledge, the reports of ACMG's employees and the files maintained in ACMG's office.

4. I am an officer of Atlantic Coast Marine Group, Inc. ("ACMG"), the Plaintiff in this matter, and am authorized to sign this Verification.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     July 1, 2019
            Morehead City, North Carolina

By: _____
       N. Lee Sykes